RAND SPEAR*
MARC F. GREENFIELD*
STUART A. RICHMAN
JEREMY M. WEITZ*‡
SCOTT T. TAGGART*

MICHAEL R. LOGUE*
TIMOTHY JEFFREY DOMIS
MICHAEL A. PUNGITORE*
MICHAEL G. SPEAR*
MICHAEL A. DELANEY
DAVID B. KLINE
NIKOLAY LUKIN
RICHARD H. KUGEL
HEATHER R. REESE
JONATHAN L. LITWINOWICZ
NICHOLAS C. KAPSIMALIS
REBECCA A. SWEENEY

# SPEAR GREENFIELD
## RICHMAN WEITZ & TAGGART, PC

ATTORNEYS & COUNSELORS AT LAW
TWO PENN CENTER PLAZA, SUITE 200
1500 J.F.K. BOULEVARD
PHILADELPHIA, PENNSYLVANIA 19102
(215) 985-2424
FAX (215) 545-6117
www.injuryline.com
email: office@injuryline.com

NEW JERSEY OFFICE
10,000 LINCOLN DRIVE EAST
ONE GREENTREE CENTRE, SUITE 201
MARLTON, NJ 08053
(856) 985-4663

*MEMBER OF NJ AND PA BAR
‡CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS
A CIVIL TRIAL ATTORNEY

July 2, 2021

CW Transport, LLC
a/k/a CW Transportation, LLC
426 Concordia Avenue, Apt. D
St. Paul, MN 55103

> RE:   **Medley, Corey v. Abdulle, Saed & CW Transport, Inc. & CW Transport, LLC & CW Trasnport LLC a/k/a CW Transportation, LLC**
> **CCP Schuylkill County, No. S-924-21**

Dear Sir or Madam:

Enclosed herewith is a copy of Plaintiff's Complaint which has been filed against you in the Philadelphia County Court of Common Pleas. Please be advised that if you wish to defend against the claims set forth, you must take action within twenty (20) days after receipt of the Complaint by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.

Very truly yours,

**SPEAR, GREENFIELD,
RICHMAN, WEITZ & TAGGART, P.C.**

*Rand Spear*

**Rand Spear**

RS/dms
Enclosures

**VIA PRIORITY MAIL**

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

_____ County

**For Prothonotary Use Only:**

Docket No: S-924-21

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**

- ☐ Complaint
- ☐ Transfer from Another Jurisdiction
- ☐ Writ of Summons
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|

**Are money damages requested?** ☐ Yes   ☐ No

**Dollar Amount Requested:** (check one)   ☐ within arbitration limits   ☐ outside arbitration limits

**Is this a *Class Action Suit*?**   ☐ Yes   ☐ No

**Is this an *MDJ Appeal*?**   ☐ Yes   ☐ No

Name of Plaintiff/Appellant's Attorney: _____

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
  _____
- ☐ Other: _____
  _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____
  _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
  _____
- ☐ Zoning Board
- ☐ Other: _____
  _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____
  _____

*Updated 1/1/2011*

**SPEAR, GREENFIELD, RICHMAN, WEITZ & TAGGART, P.C.**
BY:    MARC F. GREENFIELD, ESQUIRE
I.D. NO.: 62081
Two Penn Center Plaza, Suite 200
1500 J.F.K. Boulevard
Philadelphia, PA 19102
(215) 985-2424

**MAJOR JURY**

S-924-21

---

**COREY MEDLEY**
1108 Inverness Circle
Windsor Circle
New Castle, DE 19720

        v.

**SAED ABDULLE**
426 Concordia Avenue, Apt. D
St. Paul, MN 55103
        &

**CW TRANSPORT, INC.**
22005 Route 220
Ulster, PA 18850
        &

**CW TRANSPORT, LLC**
1005 Caroline Drive
Federalsburg, MD 21632      continued

Attorney for plaintiff

**COURT OF COMMON PLEAS
COUNTY OF SCHUYLKILL
CIVIL TRIAL DIVISION**

---

## COMPLAINT IN PERSONAL INJURY
## 2V MOTOR VEHICLE ACCIDENT

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE; IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

    SCHUYLKILL BAR ASSOCIATION
    50 W. Market Street
    Pottsville, PA 17901
    (570) 622-0767

**ADVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

    SCHUYLKILL BAR ASSOCIATION
    50 W. Market Street
    Pottsville, PA 17901
    Teléfono: (570) 622-0767

CW TRANSPORT, LLC                           :
a/k/a CW TRANSPORTATION, LLC                :
426 Concordia Avenue, Apt. D               :
St. Paul, MN 55103                         :
                                           :

S-924-21

## COMPLAINT IN PERSONAL INJURY
## 2V MOTOR VEHICLE ACCIDENT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

SCHUYLKILL BAR ASSOCIATION
50 W. Market Street
Pottsville, PA 17901
(570) 622-0767

### ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

SCHUYLKILL BAR ASSOCIATION
50 W. Market Street
Pottsvill, PA 17901
(570) 622-0767

## COMPLAINT IN PERSONAL INJURY
## 2V MOTOR VEHICLE ACCIDENT

1.      Plaintiff, Corey Medley, is a citizen and resident of the State of Delaware, residing at the address listed in the caption of this Complaint.

2.      Defendant, Saed Abdulle, is a citizen and resident of the State of Minnesota, with an address listed in the caption of this Complaint, who at all times material hereto was acting individually and/or as a lessee, agent, servant, workman, and/or employee of defendants, CW Transport, Inc., CW Transport, LLC and CW Transport, LLC a/k/a CW Transportation, LLC, with defendants, CW Transport, Inc., CW Transport LLC and CW Transport, LLC a/k/a CW Transportation, LLC's, express, apparent and/or implied permission, authorization and/or consent.

3.      Defendant, CW Transport, Inc., is a business entity of the Commonwealth of Pennsylvania, with an address listed in the caption of this Complaint, who at all times material hereto was acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees, including defendant, Saed Abdulle.

4.      Defendant, CW Transport, LLC, is a business entity of the State of Maryland, with an address listed in the caption of this Complaint, who at all times material hereto was acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees, including defendant, Saed Abdulle.

5.      Defendant, CW Transport, LLC a/k/a CW Transportation, LLC, is a business entity of the State of Minnesota, with an address listed in the caption of this Complaint, who at all times material hereto was acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees, including defendant, Saed Abdulle.

3

6.     On or about November 6, 2019, plaintiff operated a motor vehicle at or near State Highway 901, in the Township of Foster and Schuylkill County, in the Commonwealth of Pennsylvania.

7.     At the same date and time, defendant, Saed Abdulle, operated a motor vehicle owned by defendants, CW Transport, Inc., CW Transport, LLC and CW Transport, LLC a/k/a CW Transportation, LLC, at or near State Highway 901 East, in the Township of Foster and Schuylkill County, in the Commonwealth of Pennsylvania.

8.     Suddenly and without warning, defendant, Saed Abdulle, negligently, carelessly and/or recklessly operated defendant, CW Transport, Inc, CW Transport, LLC and CW Transport, LLC a/k/a CW Transportation, LLC's., motor vehicle in such a manner as to cause a collision.

9.     As a result of this accident, plaintiff suffered severe and permanent bodily injury as more fully set forth below.

## COUNT I
### Corey Medley v. Saed Abdulle
#### Personal Injury

10.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

11.     The negligence, carelessness and/or recklessness of defendant consisted of the following:

a.   Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b.   Failing to have said vehicle under proper and adequate control;

4

c.  Failing to observe the position of plaintiff and to take such action as was necessary to prevent causing a collision;

d.  Failing to operate a motor vehicle at a speed which would have allowed defendant to stop within an assured clear distance;

e.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f.  Being inattentive to defendant's duties as an operator of a motor vehicle;

g.  Disregarding traffic lanes, patterns and other devices;

h.  Failing to keep an adequate distance from other vehicles that were within the vicinity of defendant's vehicle;

i.  Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.  Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.  Failing to exercise ordinary care to avoid injuring plaintiff;

l.  Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.  Causing a collision;

n.  Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.  Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the Township of Foster and Schuylkill County and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

r.  Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania; and,

s.  Driving recklessly.

12.    As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: head, spine, neck, back, arms, hands, legs, and feet, and other ills and injuries, all to plaintiff's great loss and detriment.

13.    As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

14.    As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

15.    As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's

6

further loss and detriment.

16.    Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

### COUNT II
### Corey Medley v. CW Transport, Inc.
### Personal Injury

17.    Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

18.    The negligence, carelessness and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

    a.  Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

    b.  Failing to have said vehicle under proper and adequate control;

    c.  Failing to observe the position of plaintiff and to take such action as was necessary to prevent causing a collision;

    d.  Failing to operate a motor vehicle at a speed which would have allowed

7

defendant to stop within an assured clear distance;

e.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f.  Being inattentive to defendant's duties as an operator of a motor vehicle;

g.  Disregarding traffic lanes, patterns and other devices;

h.  Failing to keep an adequate distance from other vehicles that were within the vicinity of defendant's vehicle;

i.  Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.  Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.  Failing to exercise ordinary care to avoid injuring plaintiff;

l.  Failing to be highly vigilant and maintain sufficient control of said vehicle;

m. Causing a collision;

n.  Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.  Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.  Failing to operate a motor vehicle in compliance with the applicable laws

8

and ordinances of the Township of Foster and Schuylkill County and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

r.   Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania; and,

s.   Driving recklessly.

19.   The negligence, carelessness and/or recklessness of defendant further consisted of the following:

a.   Permitting an incompetent driver to operate the motor vehicle;

b.   Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.   Failing to determine whether defendant driver possessed a valid license or other requirements to

d.   drive and/or operate a motor vehicle;

e.   Failure to inspect defendant driver's prior history of bad driving;

f.   Failing to instruct defendant driver in the proper method of operating a motor vehicle;

g.   Failing to properly instruct the defendant driver on how to properly operate his or her motor vehicle and its warning apparatus in an emergency situation;

h.   Failing, as defendant driver's authority, to control defendant driver's

9

conduct in regard to the manner in which defendant driver were operating the motor vehicle at the aforesaid time and place as herein before described;

i.   Failing to maintain said vehicle in a safe condition;

j.   Allowing this dangerous, unsafe and defective motor vehicle to be operated on a public highway;

k.   Failing to properly hire employees, including co-Defendant;

l.   Failing to properly train and supervise employees, including co-Defendant;

m.  Failing to properly maintain its vehicles, including the vehicle being operated by co-Defendant; and,

n.   Failing to properly assure that its drivers, including co-Defendant, would not put others in danger, including Plaintiff.

20.   As a direct result of the negligent, careless and/or reckless conduct of defendant, The plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: head, spine, neck, back, arms, hands, legs, and feet, and other ills and injuries, all to plaintiff's great loss and detriment.

21.   As a result of these injuries, all of which are permanent in nature and all of which Are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

22.   As an additional result of the carelessness, negligence and/or recklessness of

10

defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

23.     As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

24.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

### COUNT III
### Corey Medley v. CW Transport, LLC
### Personal Injury

25.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

26.     The negligence, carelessness and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

      a.  Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

      b.  Failing to have said vehicle under proper and adequate control;

11

c.  Failing to observe the position of plaintiff and to take such action as was necessary to prevent causing a collision;

d.  Failing to operate a motor vehicle at a speed which would have allowed defendant to stop within an assured clear distance;

e.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f.  Being inattentive to defendant's duties as an operator of a motor vehicle;

g.  Disregarding traffic lanes, patterns and other devices;

h.  Failing to keep an adequate distance from other vehicles that were within the vicinity of defendant's vehicle;

i.  Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.  Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.  Failing to exercise ordinary care to avoid injuring plaintiff;

l.  Failing to be highly vigilant and maintain sufficient control of said vehicle;

m. Causing a collision;

n.  Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.  Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

      p.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

      q.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the Township of Foster and Schuylkill County and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

      r.  Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania; and,

      s.  Driving recklessly.

27.    The negligence, carelessness and/or recklessness of defendant further consisted of the following:

      a.  Permitting an incompetent driver to operate the motor vehicle;

      b.  Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

      c.  Failing to determine whether defendant driver possessed a valid license or other requirements to

      d.  drive and/or operate a motor vehicle;

      e.  Failure to inspect defendant driver's prior history of bad driving;

      f.  Failing to instruct defendant driver in the proper method of operating a motor vehicle;

      g.  Failing to properly instruct the defendant driver on how to properly

13

operate his or her motor vehicle and its warning apparatus in an emergency situation;

h.  Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver were operating the motor vehicle at the aforesaid time and place as herein before described;

i.  Failing to maintain said vehicle in a safe condition;

j.  Allowing this dangerous, unsafe and defective motor vehicle to be operated on a public highway;

k.  Failing to properly hire employees, including co-Defendant;

l.  Failing to properly train and supervise employees, including co-Defendant;

m.  Failing to properly maintain its vehicles, including the vehicle being operated by co-Defendant; and,

n.  Failing to properly assure that its drivers, including co-Defendant, would not put others in danger, including Plaintiff.

28.    As a direct result of the negligent, careless and/or reckless conduct of defendant, The plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: head, spine, neck, back, arms, hands, legs, and feet, and other ills and injuries, all to plaintiff's great loss and detriment.

29.    As a result of these injuries, all of which are permanent in nature and all of which Are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may

in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

30.     As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

31.     As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

32.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE,** plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.


**COUNT IV**
**Corey Medley v. CW Transport, LLC a/k/a CW Transportation, LLC**
**Personal Injury**

33.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

34.     The negligence, carelessness and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

15

a. Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b. Failing to have said vehicle under proper and adequate control;

c. Failing to observe the position of plaintiff and to take such action as was necessary to prevent causing a collision;

d. Failing to operate a motor vehicle at a speed which would have allowed defendant to stop within an assured clear distance;

e. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f. Being inattentive to defendant's duties as an operator of a motor vehicle;

g. Disregarding traffic lanes, patterns and other devices;

h. Failing to keep an adequate distance from other vehicles that were within the vicinity of defendant's vehicle;

i. Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j. Failing to give plaintiff meaningful warning signs concerning the impending incident;

k. Failing to exercise ordinary care to avoid injuring plaintiff;

l. Failing to be highly vigilant and maintain sufficient control of said vehicle;

m. Causing a collision;

n. Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have

16

been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.  Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the Township of Foster and Schuylkill County and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

r.  Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania; and,

s.  Driving recklessly.

35.    The negligence, carelessness and/or recklessness of defendant further consisted of the following:

a.  Permitting an incompetent driver to operate the motor vehicle;

b.  Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.  Failing to determine whether defendant driver possessed a valid license or other requirements to

d.  drive and/or operate a motor vehicle;

e.  Failure to inspect defendant driver's prior history of bad driving;

17

f.  Failing to instruct defendant driver in the proper method of operating a motor vehicle;

g.  Failing to properly instruct the defendant driver on how to properly operate his or her motor vehicle and its warning apparatus in an emergency situation;

h.  Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver were operating the motor vehicle at the aforesaid time and place as herein before described;

i.  Failing to maintain said vehicle in a safe condition;

j.  Allowing this dangerous, unsafe and defective motor vehicle to be operated on a public highway;

k.  Failing to properly hire employees, including co-Defendant;

l.  Failing to properly train and supervise employees, including co-Defendant;

m.  Failing to properly maintain its vehicles, including the vehicle being operated by co-Defendant; and,

n.  Failing to properly assure that its drivers, including co-Defendant, would not put others in danger, including Plaintiff.

36.  As a direct result of the negligent, careless and/or reckless conduct of defendant, The plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: head, spine, neck, back, arms, hands, legs, and feet, and

18

other ills and injuries, all to plaintiff's great loss and detriment.

37.     As a result of these injuries, all of which are permanent in nature and all of which Are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

38.     As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

39.     As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

40.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes claim for in the present action.

19

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**SPEAR, GREENFIELD,
RICHMAN, WEITZ & TAGGART, P.C.**

**BY:    MARC F. GREENFIELD, ESQUIRE**

**INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL
REQUESTS AND REQUEST FOR ADMISSIONS ARE SERVED ATTACHED TO PLAINTIFF'S
COMPLAINT AT THE TIME SERVICE OF ORIGINAL PROCESS IS AND/OR WAS
EFFECTUATED.**
dms

20

## VERIFICATION

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of the lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.